54 CCPA

**Application of John F. ENGLER.**
**Patent Appeal No. 7685.**

United States Court of Customs and Patent Appeals.

Feb. 2, 1967.

Ned L. Conley, Murray Robinson, Houston, Tex., for appellant.

Joseph Schimmel, Washington, D. C., (L. F. Parker, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, SMITH, and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

SMITH, Judge.

This appeal is from the decision of the Board of Appeals[1] affirming the rejection of claims 12 and 13 on two grounds: (1) failure to comply with 35 U.S.C. § 112, and (2) anticipation, 35 U.S.C. § 102(a).[2] The two issues presented will be considered separately. We will first consider appellant's invention.

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. Rosa, Examiner-in-Chief, and Hull and Moseley, Acting Examiners-in-Chief. Application Ser. No. 66,967, filed November 3, 1960. We note that the composition of the board is such that more than one Acting Examiner-in-Chief participated in this decision. Appellant has not questioned the authority of this board. For the position of the court concerning the decisions of such boards under these cir-

cumstances, as well as the views of Almond, J., and myself, see In re Wiechert, 370 F.2d 927, 54 CCPA ——. Eight claims have been allowed.

2. Based on a British patent to Schnedier et al. [Schneider] No. 188,308, application date September 8, 1922. A second patent relied on by the examiner to show the state of the art was not applied to the claims by either the examiner or the board and need not be considered here.

The invention relates to an improved drawbar for connecting two surface vehicles. The specification discloses the operation of the drawbar between a "tractor" and a "traction apparatus," or mower in which one end of the drawbar is pivotally connected to the top of the mower frame. Between this pivot point and the end of the mower frame, proceeding along the drawbar towards the tractor, structure is provided which is the heart of the controversy. It is shown in Fig. 3 of the application and is herein reproduced.

In the above figure, "ears" 54 and 55 are rigidly attached to the mower frame. Clevis 60 is pivotally affixed to the ears through bushings 74 and 75 and bolts 72 and 73. The hollow cylinder 56 moves vertically in bushing 58 which is fixed to the clevis. Collar 66 and adjustment nut 62 are affixed to opposite ends of the hollow cylinder. Threaded member 52 mates with the adjustment nut and extends into the hollow cylinder. It is pivotally connected to "lips" 32 and 33 which are affixed to the drawbar 30. In operation, a vertical movement of the drawbar, depending on direction, either increases or decreases the tension in spring 64.

We will first consider the rejection based on section 112 and, in doing so, set forth the claims adopting the subdivisions and nomenclature utilized by appellant:

12. A device for coupling a tractor to traction apparatus comprising

(a) a drawbar pivotally coupled to said traction apparatus,

(b) a clevis pivotally attached to said traction apparatus forwardly of the point of attachment of said drawbar,

(c) an aperture in said clevis,

(d) a rod pivotally coupled to said drawbar and slidably received through said aperture, and

(e) means engaging said rod and said clevis adapted to urge the drawbar downwardly with respect to said traction apparatus.

13. A device as defined by claim 12 wherein said means comprises resilient means.

In regard to the section 112 rejection, the dispute centers on item (e). The board was of the view that the structure in support of the means clause was insufficient to accomplish the recited function. Concerning (e), the board stated:

Considering the above quoted language in the light of appellant's specification, the "means engaging said rod and said clevis" is his spring 64, nut 62 and, (though integral with the clevis and therefore a part of it) lower face 59 of bushing 58. These simple parts are the only ones disclosed as "engaging said rod and said clevis" and therefore must be the means under 35 U.S.C. 112. However, these elements alone by their mere engaging the rod and clevis are not necessarily capable of performing the function of urging the drawbar downwardly. As stated by the Examiner there must be other structural relationships present but not recited to assure accomplishment of the recited result.  *  *  *

The board correctly observed that section 112, third paragraph, provides that an element in a claim for a combination may be expressed as a means for performing a specific function without the recital of structure. Further, section 112 provides that "such claim shall be construed to cover the corresponding structure" described in the specification. While the board was also correct in proceeding to the specification, we find that the board erred in its conclusion.

Item (e) must be considered in proper context, i. e., it must be considered in view of the preceding structure defined in the claim. Claim 12 states the drawbar is pivotally connected to the traction apparatus. Forwardly there is a clevis pivotally attached to the traction apparatus and a rod pivotally attached to the drawbar. The rod is slidably received in the clevis aperture. At this point the means-plus-function clause may be considered. Turning to the specification, the "means" are seen to include adjustment nut 62, hollow cylinder 56, spring 64, and bushing 58 as they engage "said rod and said clevis." Considering the functional language, we think the specification makes it clear that the total apparatus operates to "urge the drawbar *downwardly with respect to said traction apparatus.*" The position of the spring member in relation to the pivoted drawbar and the traction apparatus achieves this result.

The board, however, adds that the apparatus does not necessarily perform the above function. It maintained:

\* \* \* This is considered obvious from the fact that the spring I of Schneider answers to the "means engaging said rod and said clevis" but accomplishes an opposite result.

To explain the board's position we will now consider the Schneider reference, which also discloses a towbar arrangement. The towbar is pivotally mounted on a trailer. Forward of and below this pivot point there is a second pivot point adapted to receive a clevis. The clevis is affixed to structure wherein a spring acts on a rod urging the rod upwardly. The rod is pivotally connected to the drawbar forward of either previous pivot point. A downward movement of the pivoted drawbar displaces the rod causing an increase in the spring tension which acts to urge the drawbar upwardly.

■ Returning to the board's reasoning, the board was of the view that appellant failed to disclose sufficient structure to utilize a "means" clause in order to accomplish the specified function. It further stated that this was obvious because Schneider, also employing a spring and pivoted drawbar and rod, accomplishes an opposite result. We think that the error in the board's reasoning is as follows: It failed to look at appellant's *invention;* rather, it evaluated the invention as a list of parts and ignored the relative *position* of these parts in the total combination. However, when considering the invention disclosed in Schneider, the board clearly looked beyond the individual parts disclosed therein; it considered the respective positions of the parts as it expressly acknowledges that the spring urged the drawbar upward. Once the respective positions of the parts are considered, it is clear that the structure disclosed by appellant urges the drawbar downwardly just as Schneider's drawbar is urged upwardly. We therefore find that appellant has disclosed sufficient structure to satisfy the means-plus-function clause in claim 12. As claim 13 is dependent upon claim 12,

and there is no independent objection concerning section 112, the board's decision as to these claims based on section 112 must be reversed.

*Section 102(a)*

■ As to the rejection apparently based on 35 U.S.C. § 102(a), the board's reasoning is not clear. From the briefs and record it seems appellant admits that Schneider discloses a combination which contains elements (a) through (d). The board in its opinion noted this admission by appellant. It then resolved the issue presented under section 112. The board's opinion concluded as follows:

It is our opinion that the claims fail to comply with the requirements of 35 U.S.C. 112 as urged by appellant and, as presented, are anticipated in all material respects by Schneider \* \* \*.

No other reasoning was advanced by the board as to why the invention defined by the appealed claims was anticipated. It appears that the board discarded (e) in resolving the issue under section 102(a) in view of its determination that (e) failed to satisfy section 112, third paragraph.

From the above discussion of the inventions of appellant and of Schneider, it is clear that we are here dealing with different inventions. In making this determination we consider (e) as an element of appellant's invention and an element of the claimed combination. The fact that Schneider anticipates a combination of (a) through (d) is of no moment when considering the combination of (a) through (e) under section 102(a). Schneider does not disclose (e). Appellant's invention is therefore not anticipated.

The board's decision is therefore *reversed.*

Reversed.

RICH, Judge (concurring).

It seems to me that the crux of this case lies in the board's view that to satisfy § 112 the claim must set forth the "other *structural* relationships" (my

emphasis) which produce the function of downward urging which is specified in the claim.

The examiner held this view because he deemed the *functional* language insufficient to distinguish the invention from Schneider. He did not say why. He appears to have felt the only proper way to distinguish from the prior art is by *structural* limitations in spite of the permissive language of § 112, last paragraph.

In my view, since the statute permits a combination invention to be *defined* in terms of means-plus-function definitions of the elements constituting the combination, all that the statute requires is that the *combination* so defined is disinguished from the reference in being new and unobvious. It does not matter whether the distinction appears in one element or all elements nor which element is functionally defined.

Appellant here has defined his invention as the statute permits and, so defined, it is not suggested by Schneider. Rather the contrary, as Schneider produces the opposite result from that obtained by appellant.

I am unable to ascertain from the board's opinions why it believed the claims fail to comply with § 112, except the board's insistence the distinction from the prior art *must* be in *structural* terms, a notion for which I find no supporting authority. That was about the notion appearing in Halliburton Oil Well Cementing Co. v. Walker, 329 U.S. 1, 67 S.Ct. 6, 91 L.Ed. 3 (1946), which § 112 was designed to eliminate. See Federico, Commentary on the New Patent Act, 35 U.S.C.A. 1, 25 (1954).